By the Court: Sedgwick,Ch. J.
The action was for damages for the breach of a written contract for the payment of money. The answer did not make an issue of fact with the complaint and there was no demurrer. The plaintiff was entitled to a judgment of course. As there was no issue, there was no trial of plaintiff’s claim and the defendant was not entitled to make an objection as to the sufficiency of the complaint, which can be made properly only upon demurrer or upon trial. It is not necessary to go into the merits of the objection that was made further than to say, that the objection was incorrect in assuming that upon any construction of the agreement, payment by the defendant was to depend upon more than *207 one performance being given by him. The defendant was to pay $200 each week for 30 weeks, and to commence to pay on the 1st Saturday “ after said performances begin.” One performance would fix the beginning of the payments. After that the weekly payments were to continue without interruption. The complaint was sufficient in stating that the defendant had begun the payments.
The other questions in the case relate to counterclaims by defendant.
The first counterclaim was made by the defendant as assignee of Schwartz, who was assignee of Hyatt, who was assignee of Neuendorff of such rights as Neuendorff possessed under a written document made by him and the plaintiff, and another document made by Neuendorff and L’Arronge.
On June 15,1878, Neuendorff made a written contract with L’Arronge, a dramatic writer. L’Arronge, among other things assigned to Neuendorff “ exclusively all property rights on all these plays ” namely, all plays, • dramas and comedies composed or arranged by Mr. A. L’Arronge, and which from to-day forth will be written by Mr. A. L’Arronge for the United States of America, so that Mr. Neuendorff exclusively has the right to give to other stages in North America, German as well as English, the permission to perform said plays, to fix and determine the royalties for the same, and collect such royalties from the other managers, and furthermore to have the plays translated and adapted; in short, that Mr. Neuendorff is authorized to act as the sole proprietor of the same.”
As a ground of reversing the judgment below the counsel for appellant makes the proposition, that by the terms of this contract Neuendorff became the owner of the plays referred to, and in particular of one, named in English “ Dollars and Sense.” The learned judge below held for the purposes of the trial, that Neuendorff was in fact the owner, but took the verdict of the jury as to the effect *208 upon Neuendorff of an agreement in writing that he made with the plaintiff.
That agreement was made December 27, 1881. It recited that “ said Neuendorff is the agent of Adolph L’Arronge and several other dramatic authors residing on the continent of Europe, for the production, sale and licensing the performances and translations of their unprinted and unpublished plays and dramas throughout the United States, and that “ the'said Daly is a manager ” and witnessed “ That in consideration of one dollar paid to said Neuendorff individually, and of one dollar to him paid as agent of each of the above named persons, and of other good and valuable considerations, the said Neuendorff agrees for himself and also as agent of the above named authors, to deliver to the said Daly a copy of every unpublished or unprinted play or dramatic composition written by said above named persons or either of them or of any new and unpublished play of any other German author of which said Neuendorff may become the agent,” “ and to give, assign and grant to said Daly the sole and exclusive right of making adaptations of such plays in English, of performing or causing and permitting to be performed ” such English adaptations throughout the United States, and that said Daly ‘ agrees to pay to said Neuendorff as such agent as aforesaid, for every performance in the city of New York of either of such plays a royalty or sum equal to 5 per cent, of his gross receipts of such performances under his license,” etc., and in the event of a failure of Daly to fully pay the royalty “ it is agreed that said Neuendorff as agent for said authors and plays, shall have the right to stop and enjoin such performances by Daly.”
After these agreements were made, L’Arronge composed and sent to Neuendorff, the play “ Dollars and Sense.” Neuendorff, by the order of L’Arronge, first gave it to Wallack, a manager of a theatre, for examination and approval or rej ection. L’Arronge, had instructed Neuendorff not to deliver the play to Daly, because Dal v *209 had so many plays already and did not perform them. He told this to Daly. When Wallack had rejected the play, he returned it to Neuendorff, who then handed it to Daly. While Wallack had the play, Daly began negotiations with Bloch, acting for L’Arronge, for a right in the play. Before the negotiations ripened, as they finally did into an agreement by which L’Arronge gave to Daly the right to perform the play, Neuendorff had handed to Daly the copy received from Wallack. Daly produced the play, with large gross receipts and paid to L’Arronge a percentage upon them, under an agreement between them.
The jury found, under the charge of the court, that Daly made his agreement with L’Arronge in ignorance of the terms of the agreement between L’Arronge and Neuendorff, and in good faith to Neuendorff.
The defendant claims that the agreement between L’Arronge and Neuendorff, made the latter the owner of the play; that his assignees took his right as owner; and that L’Arronge ceased to be owner and could not competently give the plaintiff a right to produce the play.
As to this it is to be said that the agreement last referred to did not assign or grant “ Dollars and Sense ” by the execution of the agreement. The play was not then in existence, and no title to it or interest in it could pass before it came into existence. Field v. The Mayor, 6 N. Y. 186, and other cases that need not be cited, recognise the law on this subject. It was an executory agreement purely, that would give an equitable title to the play when completed by the author. But this results from the parties being held to specific performance of a contract. If the parties please, they may refrain from specific performance and may vary or depart from the contract. The equitable vendee may refuse to take the title, and if he do, he cannot set up a title. And the result will be clearer if the equitable vendor accedes to that position of the vendee.
The testimony of Neuendorff gives facts that negative *210 the idea, that under the executory agreement Neuendorf! claimed or took title from L’Arronge, or that L’Arronge ceased to be possessed of the title. Neuendorf! did not act as an owner or declare that he was. L’Arronge took the right of disposing of the play as if he were the owner, and gave instructions to Neuendorf! to act as his agent, in withholding the play from Daly and delivering it to Waback. Neuendorf! assumed the position of agent and obeyed the instructions. The agreement with Daly, as it affected this play, was an act of Neuendorf!’s not as an owner, but as an agent. The delivery of the play by Neuendorif to Daly, was not by the former as owner, but under his earlier acts and declarations, and the agreement was as agent for L’Arronge.' I am of opinion therefore, that Neuendorif never became the owner, and that plaintiff was not bound to look upon him as the owner, and would not have been, even if he were not ignorant of the agreement between Neuendorf! and L’Arronge.
The plaintiff did receive information of the agreement between Neuendorf! and L’Arronge before the representation of “ Dollars and Sense ” had ended, and before he had paid over the royalties upon receipts from later performances. In that agreement was the following provision : “ All other moneys which Mr. Neuendorif will receive by disposing of his property right to these plays to other theatres of the United States, are to be divided equally between Mr. Neuendorf! and Mr. L’Arronge.” It is claimed that this gave Neuendorf! one half interest, at least, in the royalties to be paid for the right to perform “ Dollars and Sense,” and that plaintiff was bound to pay ,at least the one half to Neuendorif’s assignee, after receiving notice of the provision referred to above.
It is manifest however, that the amount to be divided between Neuendorf! and L’Arronge, was not the same as the amount to be paid by Daly, the plaintiff, to L’Arronge. The former was money to be actually and competently ^collected by Neuendorf! under his agreement *211 with L’Arronge. The money to be paid by Daly was to be paid to L’Arronge and not at all to Neuendorf!, and in this money Neuendorf! had no interest.
The agreement made by Daly with L’Arronge, through Bloch, and under which he paid, was not inconsistent with' any obligation imposed upon him by the agreement he made with Neuendorf!, the latter acting as agent for the authors. The obligation is entirely one of contract. It is that Daly “ agrees to pay the said Neuendorif, as such agent as aforesaid.” Neuendorif impliedly contracts that he is only agent. The legal consequence of this is, that the principal is the party in interest, and payment to him discharges the obligation, and it is therefore within the power of the principal to vary or modify the payment, its amount, and the conditions upon which it is to be made.
There was no agreement that Daly should pay Neuendorf! compensation for his services as agent of L’Arronge, nor was there any lien upon the amount to be paid in favor of Neuendorf!’s compensation.
I am of opinion that the verdict for plaintiff gave a correct disposition of the case as to the first counterclaim.
The second and third counterclaims related to plays of a dramatic author, Yon Schoenthan. The agreement between the plaintiff and Neuendorif that has been recited above, embraced, it may be assumed, these plays. In these instances the plaintiff made an arrangement with Yon Schoenthan directly after the making of' the agreement with Neuendorf!. The court below held that the action of the plaintiff was justified by the terms of the agreement between Yon Schoenthan and Neuendorf!, to the effect that Neuendorff was the agent of the author. The plaintiff’s refusal to pay to the assignees of Neuendorf! was sustained by the court below. This ruling of the court below was correct.
It may in addition be said, that the power of Neuendorf! to collect royalties, under his agreement with Yon Schoenthan was not assignable to the defendant and the mesne *212 assignees. The contract between Neuenclorff and Von Schoenthan gave the former “ the right and power &c., to affix and determine the compensation and royalties, and to collect these for Mr. Von Schoenthan.” There was a personal confidence reposed in the agent, and a trust as to the collection and remitting of the moneys. There could therefore be no delegation of the power to collect, or an assignment of the right to collect. Story on Agency, 11 to 16. Devlin v. The Mayor, 63 N. Y., 8. There was no interest of Neuendorf! individually assigned because, until he had performed his duty and had collected he had no interest.
Under the views expressed by the learned court below, and that have been now given, there was no error upon the trial.
Judgment affirmed with costs.
Freedman and Ingraham, JJ., concurred.